**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-61688-CIV-DAMIAN**

**ELIAS BRAULIO JUAREZ,**

       Petitioner,

v.

**U.S. IMMIGRATION AND**
**CUSTOMS**
**ENFORCEMENT,** *et al.*,

       Respondents.

_____/

## ORDER DISMISSING PETITION AS MOOT [ECF No. 3]

**THIS CAUSE** is before the Court on Petitioner, Elias Braulio Juarez's ("Petitioner"), Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 3] (the "Petition"), Respondents' Motion to Dismiss as Moot ("Motion") [ECF No. 9], Petitioner's Response in Opposition ("Response") [ECF No. 10], and Respondents' Notice of Filing Order Granting Bond ("Notice") [ECF No. 11].

THE COURT has reviewed the Petition, the Motion, the Response, the Notice, and the record in this case and is otherwise fully advised.

In the Petition, Petitioner challenges his immigration detention on due process grounds, alleging that his continued custody is unlawful and requesting either immediate release or, alternatively, an individualized bond hearing. *See generally* Pet. In the Motion, Respondents argue that the Petition became moot after Petitioner's custody redetermination hearing was scheduled before an Immigration Judge. *See generally* Mot. In response to the Motion, Petitioner argued that the scheduling of a future hearing did not moot his claims

because he remained detained and there existed a possibility that he could be transferred before receiving meaningful relief. *See* Resp.

After the Motion was fully briefed, however, Respondents filed a Notice advising the Court that Petitioner's custody redetermination hearing was held on June 22, 2026, and that the Immigration Judge granted Petitioner bond and authorized his release upon posting a $12,500 bond, subject to certain conditions. *See* Notice; Order of the Immigration Judge [ECF No. 11-1].

A writ of habeas corpus may issue to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. See 28 U.S.C. § 2241(c)(3). This Court has jurisdiction over challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Nevertheless, federal courts are limited by Article III of the Constitution to resolving actual, ongoing cases or controversies. "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (alteration in original). "If events that occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give the plaintiff meaningful relief, then the case is moot and must be dismissed." *Id*. at 1336.

Here, Petitioner has been given the relief requested in the Petition. He received an individualized bond hearing before an Immigration Judge, and the Immigration Judge granted Petitioner's request for release on bond. Because the Court cannot grant any additional meaningful relief with respect to Petitioner's request for a bond hearing, the Petition no longer presents a live controversy.

Accordingly, and for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that the Amended Petition **[ECF No. 3]** is

**DENIED AS MOOT**. This case is **CLOSED**.

**DONE AND ORDERED** in Chambers at the Southern District of Florida, this 8th

day of July, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**